**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Margarito GARCIA–FRAGOSO,**
**Defendant–Appellant.**

No. 15–2512.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 22, 2015.*

Decided Dec. 22, 2015.

Jonathan H. Koenig, Attorney, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Margarito Garcia–Fragoso, Sandstone, MN, pro se.

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R.APP. P. 34(a)(2)(C).

Before DIANE P. WOOD, Chief Judge
JOEL M. FLAUM, Circuit Judge
DANIEL A. MANION, Circuit Judge.

## ORDER

Margarito Garcia–Fragoso appeals from the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on the retroactive application of Amendment 782 to the sentencing guidelines. Because Garcia–Fragoso's sentence was already below the amended guidelines range and the court did not have the discretion to go any lower, we affirm.

Garcia–Fragoso pleaded guilty to possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and to possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c)(1)(A)(i). Garcia–Fragoso was responsible for at least two kilograms of cocaine, so his base offense level for the § 841(a)(1) conviction was 28. His guidelines range was 84 to 105 months' imprisonment (based on a total offense level of 25 and a criminal-history category of IV), but the district court concluded that a below-range sentence was appropriate and sentenced him to 66 months.

Amendment 782 lowered by two levels the base offense level specified in the Drug Quantity Table, see U.S.S.G. Supp.App. C, amend. 782 (2014), and reduced Garcia–Fragoso's range to 70 to 87 months. The district court denied Garcia–Fragoso a reduction because, as his 66–month sentence was already below the amended guidelines range, it did not have discretion to grant a reduction.

On appeal Garcia–Fragoso argues that the district court did have discretion to reduce his 66–month sentence because it exceeded the 60–month statutory minimum. *See* § 841(b)(1)(B)(ii). But as the court explained, it was not authorized to reduce Garcia–Fragoso's sentence below the 70–month minimum of the amended guideline range. Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2); *see United States v. Guyton*, 636 F.3d 316, 318 (7th Cir.2011), and the policy statements provide that a defendant's sentence may not be reduced to "less than the minimum of the amended guideline range," minus exceptions not applicable here, U.S.S.G. § 1B1.10(b)(2)(A); *see United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009).

AFFIRMED.